**NISSHO–IWAI AMERICAN CORP., Appellee,**

v.

**The UNITED STATES, Appellant.**

**Appeal No. 85–1259.**

United States Court of Appeals, Federal Circuit.

Aug. 30, 1985.

Judith M. Barzilay, Commercial Litigation Branch, Dept. of Justice, New York City, argued for appellant. With her on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Washington, D.C., and Joseph I. Liebman, Attorney in Charge Intern. Trade Field Office, New York City.

Peter Jay Baskin, Sharretts, Paley, Carter & Blauvelt, P.C., New York City, argued for appellee. With him on brief was Ned H. Marshak, New York City.

Before KASHIWA, Circuit Judge, NICHOLS, Senior Circuit Judge, and SMITH, Circuit Judge.

KASHIWA, Circuit Judge.

This is an appeal from a judgment of the United States Court of International Trade.

The imported merchandise consists of steel products described on the commercial invoices as "pipe fittings" or as "pipe fitting pin and box." It was imported by appellee ("Nissho-Iwai") from Japan and entered the United States at Houston, Texas, in a series of entries in 1979 and 1980.

The merchandise was classified by the appropriate Customs Service official under item 610.80, TSUS, as modified by Proclamation No. 3822, 32 Fed.Reg. 19,002 (1967), as other pipe fittings of iron or steel, not cast-iron. Duty was assessed at the rate of 11% *ad valorem.*

Nissho-Iwai claims that the merchandise should have been classified under item 664.05, TSUS, or, pursuant to Presidential Proclamation 4704, its superseding provision, item 664.08, TSUS, (depending upon date of entry), as parts of other boring machinery, dutiable at 5% or 4.7% *ad valorem,* depending on the date of entry. Nissho-Iwai further claims the imported pipe fittings were used solely as tool joints to join pieces of pipe in a drill string and should therefore be classified as parts of boring equipment.

The Government moved for judgment on the pleadings contending that Nissho-Iwai had admitted in its complaint that the merchandise was pipe fittings and therefore the Government was entitled to judgment as a matter of law. Nissho-Iwai opposed the motion for judgment on the pleadings and cross-moved for summary judgment.

The Government then cross-moved for summary judgment, arguing that *The Servco Co. v. United States,* 63 Cust.Ct. 893 (1972), *aff'd,* 477 F.2d 579 (CCPA 1973), should be "limited to its own facts" in the words of the appellate court in that case; that the imported tool joints were pipe fittings within the definition of pipe fittings developed in court decisions; and that item 664.05 did not specifically provide for pipe fittings and therefore headnote 1(iv) to Part 2, Schedule 6, would not operate to bar classification under item 610.80, especially since the provision for pipe fittings is a specific provision. In addition, the Government argued that the two exclusionary headnotes (headnote 1(v) to Part 4, Schedule 6, and headnote 1(iv) to Part 2, Schedule 6) would be nullified by each other and therefore General Interpretative Rule 10(ij) (which provides that a parts provision does not prevail over a specific provision for such a part), would mandate classification in item 610.80, TSUS, since item 610.80, TSUS, had been previously held to be a specific provision within the intendment of Rule 10(ij).

The Court of International Trade in *Nissho-Iwai American Corp. v. United States,* 602 F.Supp. 88 (Ct.Int'l Trade 1984) (Newman, S.J.), granted summary judgment to Nissho-Iwai, holding that the imported merchandise had been erroneously classified as pipe fittings in item 610.80, TSUS, and was instead properly classifiable as parts of boring equipment in item 664.05 (or 664.08), TSUS. The issues were thoroughly treated in the opinion. Accordingly, we affirm on the basis of the opinion by Senior Judge Newman.

AFFIRMED.